UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY KING,

                           Plaintiff,

                         Civil Action No.:_____

                         **CV 13- 2982**

    -against-                     COMPLAINT

THE CITY OF NEW YORK and THE NEW YORK
CITY POLICE DEPARTMENT, POLICE OFFICER
MICHAEL MIEZIANKA TAX REG# 940472,
AND OTHER UNIDENTIFIED NEW YORK            **JURY TRIAL DEMANDED**
CITY POLICE OFFICERS, ALL OFFICERS ARE BEING SUED
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY
                                                       **MAUSKOPF, J.**
                         Defendants
                                                       **MANN, M.J.**
-----------------------------------------------------------------X

Plaintiff by her attorney Edward Zaloba, Esq., alleges as follows for their Complaint:

## PRELIMINARY STATEMENT

1.    This is a civil action against the City of New York, **POLICE OFFICER MICHAEL MIEZIANKA, AND OTHER UNKNOWN UNIDENTIFIED NEW YORK CITY POLICE OFFICERS,** to redress the deprivation, under color of state law, of plaintiff's rights, secured by the civil rights act of 1871 42 USC §1983 and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false arrest, false imprisonment, and violations of police and public duties and obligations.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States

Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question. Plaintiff further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3. These matters in controversy, each exceed exclusive of interests and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C.§139(b) in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff requests a Jury Trial on claims herein.

## PARTIES

6. Plaintiff, **ANTHONY KING,** is a resident of Brooklyn, New York.

7. Defendant City of New York ("City"), at all times mentioned, was and is a municipal corporation organized according to the laws of the State of New York. Defendant New York City owns, operates, manages, directs and controls the New York City Police Department which employs the defendant police officers involved herein.

8. Defendants, **POLICE OFFICER POLICE OFFICER MICHAEL MIEZIANKA, AND OTHER UNKNOWN UNIDENTIFIED NEW YORK CITY POLICE OFFICERS are and were**, at all times mentioned, Police Officers and/or employees of the City of New York. They are sued individually and in their official capacity.

9. Upon information and belief, defendants Police Officers, whose identities and

number are presently unknown to plaintiff, are and were, at all relevant times, police officers, supervisors, and/or persons employed by the Police Department of the City of New York. These unknown defendant officers will be sued individually and in their official capacity.

10. Upon information and belief, at all times and in all their actions described below, defendants were acting under color of state law and within the scope of their employment as police officers, agents, servants and employees of the City of New York and under the City of New York's supervision, direction and control.

11. That the acts of the defendants alleged herein, the constitutional deprivations of the plaintiffs, occurred in the County of Queens, New York, in the State of New York.

## PENDANT STATE CLAIMS

12. That the Notice of Plaintiff's claims, the nature of the claims, and the date of, the time when, the place where and the matter in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on December 17, 2012.

13. On February 13, 2013, the plaintiff was examined at a 50H hearing pursuant to Gen. Mun. §50-H.

14. That more than thirty (30) days have elapsed since the Notice of Claim has been served upon the defendant and the said defendants have neglected or refused to make any adjustments or payments thereof.

## STATEMENT OF FACTS COMMON TO PLAINTIFF AND ALL CAUSES OF ACTIONS

15. On October 11, 2012 at approximately 3:30pm plaintiff legally entered the vacated premises located at 119-50 227th Street in Queens County.

16. Plaintiff at said time was employed by Home Revival Services Inc. and pursuant to said employer's legal and valid work order, entered said premises to maintain said property.

17. Upon information and belief, said property had been forclosed upon.

18. Plaintiff entered said property with a key.

19. Shortly after the plaintiff entered said premises, the defendant officers entered said premises with guns drawn.

20. Plaintiff was promptly cuffed thereafter.

21. Plaintiff displayed his work order for said premises to said police officers.

22. Plaintiff also was wearing clothing which along with the work order indicated his employer's company's name.

23. Plaintiff displayed his employment identification to said defendant officers.

24. The plaintiff also gave the defendant officers the key to said premises which the defendant officers observed to work and open said premises.

25. The plaintiff on numerous occasions requested the defendant officers to call his employer.

26. The defendant officers ignored all plaintiff's requests.

27. The defendant officers ignored all the information which was readily available and quickly provided by plaintiff.

28. The defendant officers went to plaintiff's vehicle and removed bolt cutters and a crow bar.

29. Despite all of the information provided and observed by the defendant officers, they still arrested the plaintiff.

30. Plaintiff had neither committed a crime nor offense and was seized and arrested without either probable cause or legal justification.

31. The defendant police officers conspired in both arresting the plaintiff as well as the filing of false charges and accompanying police reports and subsequent prosecution.

32. Furthermore, the defendant continued their conspiracy and the defendant officers caused false charges to be lodged against the plaintiff charging him with violations of Penal Law §§ 140.25, 140.15, 140.35, 145.00 and 165.40.

33. The plaintiff was caused to be unlawfully imprisoned for approximately 48 hours and was conscious of said confinement and did not consent to same.

34. The plaintiff was wholly innocent of any and all allegations and charges pertaining

to his arrest on October 11, 2012.

35. The plaintiff was caused to appear in the Criminal Court of Queens County and on October 26, 2012, the matter was dismissed and sealed.

36. The plaintiff has never been convicted of a crime.

37. The officers continued to withhold items illegally seized from the plaintiff.

38. As a result of the defendant's conduct the plaintiff was caused to lose employment income.

39. As a result of the defendants violations of plaintiff's civil rights and other conduct on behalf of the defendants plaintiffs sustained emotional distress, embarrassment, and deprivation of his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS §1983

40. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

41. The conduct and actions of Defendant **POLICE OFFICER POLICE OFFICER MICHAEL MIEZIANKA, AND OTHER UNKNOWN UNIDENTIFIED NEW YORK CITY POLICE OFFICERS,** under color of state law and acting without probable cause, justification, or otherwise privilege, subjected plaintiff to false arrest against plaintiff's will, and plaintiff was conscious of said confinement and, was done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

    (a) Plaintiff was deprived of his First Amendment right to speak freely and to petition the government for redress of grievances;

    (b) Plaintiff was deprived of his Fourth Amendment constitutional right to be free from

an unreasonable seizure of his person;

(c) Plaintiff was deprived of his Fourth Amendment right to be free from unreasonable seizures of plaintiff's property;

(d) Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law;

(e) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of law;

42. As a result of the defendant's conduct, plaintiff was deprived of liberty, sustained emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## LIABILITY OF DEFENDANT CITY
## FOR CONSTITUTIONAL VIOLATIONS - MONELL (STATE & FEDERAL)

43. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

44. At all times materials to this complaint, the defendant **CITY OF NEW YORK**, acting through its police department, the **NEW YORK CITY POLICE DEPARTMENT**, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

45. The aforementioned customs policies, uses, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to arresting persons without probable cause, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

46. The defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly and for their ability to determine probable cause.

47. The existence of such de facto policies and/or well-settled and widespread customs and

practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

48. Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

49. Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons without probable cause, falsely arresting person, etc., and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiffs to be subjected to deprivations of their civil rights.

50. That the defendant municipality, NYC, alerted to the existence of a significant number of false arrests by its police officers, by repeated complaints, of false arrest, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite or repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

51. That the defendant municipality, NYC, has also been alerted to the use of malicious prosecution brought by its employee officers to cover up the false arrests and unlawful seizures by its police officers, and that the culture of bringing such false charges and malicious prosecuting victims of NYPD false arrests has been allowed to exist without repercussions to the officers who engage in such behavior.

52. Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is

implemented by police officers of said City. When officers continue to process an arrest where it is clear no crime has been committed. Where the upward mobility of the officers within ranks is accomplished. This conduct of conscious disregard of innocence and lack of probable cause is open and notorious. This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

53. The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

54. Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment by police officers are brought and "settled" by the defendant New York City. Each year, the defendant, New York City spends millions of dollars to settle and/or satisfy said actions. All of the following matters contained allegations of false arrest and unlawful imprisonment by the defendant New York City police officers: **Corey Avent 04 CV 2451, Michel Smith 04 CV 1045, Reginald McMillian 04 CV 3990, Jimmy Stetnnopoulos 01 CV 0771, Ally, Inshan, Tiwari, Ramdass 04 CV 5643, Loxie Shaw 01 CV 4260, Darius Peterson 08 CV 4397, Christian Moran 05 CV 5281, Andre Bryan 07 CV 4939, John Gucu Roberts 06 CV 2687, and Ramos , Escobar 08 CV 1456, Cabral Duarte 06 CV 5523, Theodore Richardson 07CV 3651.** These matters were settled by the Defendant NYC. A multitude of similar matters could be cited if necessary. Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled. Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

55. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

(a) Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

(b) Has failed to properly train, instruct, and discipline police officers with regard to their refusal to consider exculpatory documentation available at the scene;

(c) Has failed to properly instruct, and discipline police officers with regard to appropriate and courteous communication with civilians and witnesses;

(d) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(e) Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

(f) Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

(g) Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

56. Defendant City of New York is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

57. The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

58. Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to due process, and right to equal protection of the laws.

59. The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

60. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police

officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

61. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FALSE ARREST

62. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in prior paragraphs mentioned above with the same force and effect as if more fully set forth herein

63. By the actions described above, the defendants **POLICE OFFICER MICHAEL MIEZIANKA, AND OTHER UNKNOWN UNIDENTIFIED NEW YORK CITY POLICE OFFICERS,** falsely caused the arrest of plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The seizure and arrest of plaintiff was without his consent and without legal justification. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff.

64. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, NEGLIGENCE

65. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

66. Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

(a) failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure and arrest where the officers refused and failed to perform their investigative duties in a reasonable manner;

(b) failed to perform their duties as reasonable and prudent officers where plaintiff was seized without probable cause and the defendant officers ignored all exculpatory evidence and continued to proceed with said arrest.

(c) failed to perform their duties as reasonable and prudent officers where given the facts herein no officer intervened to stop either the initial unlawful seizure or subsequent unlawful arrest and imprisonment.

(d) hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities as well as a propensity to conspire against innocent persons where said officers would conspire and falsely arrest persons when said arrests of plaintiffs were unreasonable and without probable cause under the facts and circumstances existing;

(e) failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their department, behavior, and conduct, including (but not limited to) failing to give proper instructions as to the existence of probable cause, and as to the obligation of police officers to intervene, as an affirmative duly to protect citizens threatened with deprivation of constitutional rights by other New York City police officers;

(f) failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct.

67. Defendant officers acting jointly and severally, negligently caused extreme emotional distress to plaintiff. The acts and conduct of the defendants were reasonably foreseeable, and were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

68. All of these acts were performed without any negligence on the part of the plaintiff and were the proximate cause of injuries to him.

69. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, UNLAWFUL IMPRISONMENT

70. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in prior paragraphs mentioned above with the same force and effect as if more fully set forth herein

71. By the actions described above, the defendants **POLICE OFFICER MICHAEL MIEZIANKA, AND OTHER UNKNOWN UNIDENTIFIED NEW YORK CITY POLICE OFFICERS**, intended to confine plaintiff and did cause plaintiff to be falsely imprisoned without reasonable cause or probable cause, illegally and without a warrant and without any right or authority to do so. The plaintiff was imprisoned for approximately 48 hours and said confinement was not privileged. The acts and conduct of the defendant was the direct and proximate cause of injury and damage to plaintiff.

72. Plaintiff was conscious of and did not consent to his confinement.

73. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation and was otherwise harmed, damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in prior paragraphs mentioned above with the same force and effect as if more fully set forth herein.

75. By the actions described above, the defendants **POLICE OFFICER MICHAEL MIEZIANKA, AND OTHER UNKNOWN UNIDENTIFIED NEW YORK CITY POLICE OFFICERS**, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to plaintiff.

76. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## NYS CONSTITUTIONAL VIOLATIONS

77. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained

in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

78. Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiff of his rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges and immunities:

  (a) Plaintiff was deprived of his right to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and 9 of the Constitution of the State of New York;

  (b) Plaintiff was deprived of his right to be free unreasonable seizures of his person; in violation of § 12 of the Constitution of the State of New York;

  (c) Plaintiff was deprived of his right to be free from the use of excessive or unreasonable force in the course of an unlawful seizure, in violation of § 12 of the Constitution of the State of New York;

  (d) Plaintiff was deprived of his right to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

79. As a result of the defendants' conduct, Plaintiff was deprived of liberty, sustained great emotional injury, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FAILURE TO INTERVENE

80. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

81. Each and every individual defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights.

82. The individual defendant officers failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having a realistic opportunity to do so.

83. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to false arrest and unlawful imprisonment.

## AS AND FOR A NINTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## CLAIM FOR RELIEF UNDER NY STATE LAW
## NEGLIGENT HIRING AND RETENTION,

84. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

85. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the seizure, arrest and imprisonment of Plaintiff.

86. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants, **POLICE OFFICER MICHAEL MIEZIANKA, AND OTHER UNKNOWN UNIDENTIFIED NEW YORK CITY POLICE OFFICERS** to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A TENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## CLAIM FOR RELIEF UNDER NY STATE LAW
## NEGLIGENT TRAINING AND SUPERVISION,

87. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

88. Upon information and belief, defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the seizure, arrest and imprisonment of the **plaintiff.**

## AS AND FOR A ELEVENTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
## FOR STATE LAW VIOLATIONS

89. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

90. The conduct of defendants **POLICE OFFICER MICHAEL MIEZIANKA, AND OTHER UNKNOWN UNIDENTIFIED NEW YORK CITY POLICE OFFICERS and** other unidentified defendant police officers alleged herein, occurred while they were on duty in uniform, and in and during the course and scope of their duties and functions as New York City Police officers, and while they were acting as agents, officers, servants and employees of the defendant **CITY OF NEW YORK.** The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff, and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat superior.

91. As a result of the foregoing, plaintiff was deprived of his constitutional rights, unlawfully arrested and imprisoned and sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## VICARIOUS LIABILITY

92. Plaintiff incorporates by reference the allegations set forth in each preceding paragraph of this complaint as if fully set forth herein.

93. The defendants' employed by NYC Police Department an agency of the Defendant City of New York unlawfully seized arrested and imprisoned, plaintiff therefore under doctrine of vicarious liability, the defendant City of New York is libel for all acts occurring after and during the illegal and unlawful arrest and imprisonment.

94. As a result of the foregoing, plaintiff was assaulted, falsely arrested and unlawfully imprisoned and plaintiff sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR PLAINTIFF CLAIM FOR PUNITIVE DAMAGES

95. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

96. The aforesaid acts of the defendant officers in violation of plaintiff's First, Fourth and Fourteenth Amendment Rights under the United States Constitution (42 U.S. C. Section 1983) and pendent laws and statues of the State of New York, showed a willful and wanton disregard to the reputation and well being of the plaintiff for which he also seeks punitive damages. The acts, conduct and behavior of the defendant officers were performed knowingly, intentionally and maliciously by reason of which the plaintiff is entitled to an award of punitive damages where applicable.

**WHEREFORE**, in consideration of each and every claim the plaintiff demands judgment :

A. Compensatory damages in the amount of ONE MILLION ($1,000,000) DOLLARS;

B. Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS;

C. The convening and empanelling of a jury to consider the merits of the claims herein;

D. Costs and interest and attorney's fees;

E. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
May 20, 2013

Yours, etc.,

_Edward Zaloba_
EDWARD ZALOBA, Esq.
Attorneys for Plaintiff
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000